**Betty SCHILLING, Administratrix of Estate of James G. Schilling (deceased) and Betty Schilling, Plaintiffs–Appellants,**

v.

**HUMAN SUPPORT SERVICES, Defendant–Respondent.**

No. 73262.

Missouri Court of Appeals, Eastern District, Division Three.

July 28, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1998.

Application for Transfer Denied Nov. 24, 1998.

Brown & James, P.C., Russell F. Watters, T. Michael Ward, Bart B. Zuckerman, St. Louis, for appellant.

Donovan, Rose, Nester, Szewczyk & Joley, P.C., Edward J. Szewczyk, Belleville, for respondent.

KAROHL, Judge.

Appellants James G. Schilling (now, Betty Schilling, Administratrix of Estate of James G. Schilling) and Betty Schilling (the Schillings) appeal a dismissal of their personal injury cause of action against Human Support Services (HSS) for lack of personal jurisdiction. The Schillings sued for personal injuries sustained by James G. Schilling when he fell from a wheelchair lift while he was boarding a bus owned and operated by HSS. The Schillings are Illinois residents, HSS is an Illinois not-for-profit corporation, and the injuries occurred in Illinois. The Schillings also sued E. Barker Auto & Truck Repair, Inc. (Barker), a Missouri corporation, which is an automotive repair and maintenance shop located in St. Louis, Missouri. It had repaired HSS's buses on numerous occasions and the bus in question, whose lift failed on several occasions. HSS staff would drive the vehicles from Illinois to Barker's shop in St. Louis. The Schillings also sued Collins Industries (Collins), the manufacturers of the wheelchair car lift used on the bus. We find that the trial court erred as a matter of law in dismissing the claims against HSS for lack of personal jurisdiction. We therefore reverse and remand for further proceedings consistent with this ruling.

HSS has its principal place of business in Waterloo, Illinois. It is a major provider of community mental health services in Monroe County, Illinois. Most of HSS's 449 clients during the 1996 fiscal year were residents of Illinois and most of HSS's business was performed in the State of Illinois. HSS receives about 95% of its funding from the State of Illinois, including some local taxes assessed by Monroe County, Illinois. The State of Illinois has issued all of the various operating licenses of HSS. Of the approximately 32,339 trips in which HSS vehicles were used during fiscal year 1996, approximately 55 involved day trips with clients to Missouri. Of the approximately 232,591 total client hours HSS

incurred, approximately 195 client hours involved activities in the State of Missouri. HSS provides clients with activities like attending St. Louis Cardinals baseball games, performances at The Fox Theatre, and other recreational activities in St. Louis. HSS sometimes pays for the tickets to these events.

It owns and operates buses equipped with wheelchair lifts, known as SAF–T–LIFTS. On two separate occasions, on March 29 and September 28, 1995, HSS took the bus involved in this claim, HSS bus No. 3, to Barker in order to have work done on the bus' SAF–T–LIFTS. On May 10, 1996, HSS sent bus No. 3 to pickup and transport James Schilling to the offices of HSS. While being lifted in his wheelchair into bus No. 3 using the SAF–T–LIFT, Schilling fell to the ground when his wheelchair dropped from the wheelchair lift. Schilling sued HSS for negligently: (1) failing to secure his wheelchair onto the lift; (2) boarding Schilling on the bus while parked on an incline; (3) failing to prevent Schilling from falling off the platform; (4) failing to operate the lift properly; and, (5) failing to properly inspect and/or maintain the SAF–T–LIFT on bus No. 3 so as to prevent injury. Schilling's wife filed a derivative claim against the defendants for loss of consortium. Schilling alleged a negligence claim against Barker for negligent maintenance and repair of the lift on HSS's bus, and a products liability claim against Collins.

On April 23, 1997, HSS made a special and limited appearance to contest personal jurisdiction. It alleged it did not engage in the activities set forth in Missouri's long-arm statute. Section 506.500 RSMo 1994. On September 2, 1997, the trial court granted HSS's motion, ordered the dismissal of HSS for lack of personal jurisdiction, and quashed service of process upon HSS. The trial court reasoned that (1) there was no evidence that plaintiffs' negligence claims against HSS arose from its acts in Missouri, and (2) occasional transportation of clients to Missouri did "not necessarily constitute an act from which the present cause of action arose." On September 25, 1997, the trial court ordered, pursuant to Rule 74.01(b), that there was no

just reason for delay or enforcement of the above order. On February 26, 1998, the trial court amended *nunc pro tunc* its orders of September 2nd and 25th, so that both orders were then denominated as judgments as required by Rule 74.01(a). The Schillings appealed.

■■■ The Schillings have the burden to prove the existence of personal jurisdiction over HSS. *State ex rel. William Ranni Associates., Inc. v. Hartenbach,* 742 S.W.2d 134, 137 (Mo. banc 1987). The trial court may hear HSS's motion for lack of personal jurisdiction on affidavits, on oral testimony, or on depositions. *Chromalloy Am. Corp. v Elyria Foundry Co.,* 955 S.W.2d 1, 4 (Mo. banc 1997). The trial court has the discretion to believe or disbelieve any factual statements made in support or in opposition to such a motion. *Id.* However, the trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits and depositions when determining the limited question of personal jurisdiction; the trial court may not consider the merits of the underlying action. *Empiregas, Inc. of Noel v. Hoover Ball & Bearing Co.,* 507 S.W.2d 657, 660 (Mo.1974); *Dillaplain v. Lite Indus., Inc.,* 788 S.W.2d 530, 532 (Mo.App. 1990).

The Schillings contend the circuit court had jurisdiction under Missouri's long arm statute, section 506.500 RSMo 1994, which states in relevant part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state[.]

■■■ In order for a non-resident defendant to subject itself to the long arm jurisdiction of the state, section 506.500, two elements

must be present. *Dillaplain,* 788 S.W.2d at 533. First, the suit must arise out of the activities enumerated in the statute, and second, the defendant must have sufficient minimum contacts with Missouri to satisfy due process requirements. *Id.*

Regarding the first element, the pleadings and undisputed facts support a finding HSS's activities in Missouri regarding repairs of the defective lift are related to plaintiffs' cause of action. HHS chose to have the bus mentioned in the pleadings brought to St. Louis for repairs. It approved estimates and authorized repairs, some on the subject lift. The "transaction of business" provision of the long-arm statute is to be construed broadly so that even a single transaction may confer jurisdiction, if that is the transaction that gives rise to the suit. *Chromalloy,* 955 S.W.2d at 4. The Schillings' amended complaint includes a claim against HSS that it negligently failed to inspect and/or maintain the SAF–T–LIFT on bus No. 3 so as to prevent injury to Mr. Schilling. HSS's transaction of business with Barker included an attempt to satisfy its duty to inspect, maintain, and repair the lift. We find that HSS's related business transactions in Missouri are sufficient to confer jurisdiction on HSS.[1]

HSS argues that the Schillings' cause of action did not arise from the business transactions with Barker, claiming specifically that the work performed by Barker did not involve the part of the lift which allegedly malfunctioned to cause the accident. This argument is misplaced because a response requires a trial on the merits. In order to prevail and gain personal jurisdiction over HSS, the Schillings are only required to make a prima facie showing of the validity of their claim. *Dillaplain,* 788 S.W.2d at 533.

The second element of the Schillings' burden is to prove that HSS had minimum contacts with the State of Missouri such that their suit against HSS does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct.

154, 90 L.Ed. 95 (1945). Factors to be considered in determining whether a non-resident defendant has sufficient minimum contacts for a Missouri court to have jurisdiction include: (1) the nature and the quality of the contact; (2) the quantity of those contacts; (3) the relationship of the cause of action to those contacts; (4) the interest in Missouri in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. *Dillaplain,* 788 S.W.2d at 534. The primary factors are the first three, while the last two deserve only secondary importance. *Id.* HSS is located in the St. Louis metropolitan area. It chose to have repairs done by a Missouri co-defendant in Missouri. Thus, one of the allegations of negligence against HSS is implicated in the cause of action against a Missouri co-defendant. No inconvenience to HSS has been established nor was inconvenience the subject of a finding by the trial court.

After a determination that a defendant has established sufficient minimum contacts, a court must consider additional factors before deciding jurisdiction over a non-resident defendant. This includes: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and, (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.*

HHS initiated the relationship with Barker for inspection and repair of the lift instrument that failed. Defendant's initiation of a contact with a Missouri business is an important factor in weighing the various due process factors. *Elaine K. v Augusta Hotel Assocs. Ltd. Partnership,* 850 S.W.2d 376, 379 (Mo.App. E.D.1993). A trial of this case in St. Louis will create no special burden on HSS. It does business nearby in Illinois. A joint trial with HSS and the Missouri co-defendant will provide an efficient resolution of the controversies. There are no compel-

1. The Schillings, in their brief, argue that we should follow several other jurisdictions in defining the "arise out of" prong of the statute by the use of a "but for" test. Since we find for the Schillings without adopting this standard, we reserve the issue.

ling reasons not to provide a trial in Missouri.

At the pleadings and discovery stage, we hold there are sufficient minimum contacts or activities by HSS in the State of Missouri to support jurisdiction over HSS. At the request of HSS and with the consent of the Schillings, we take notice of a lawsuit filed by the Schillings in Monroe County, Illinois, on February 2, 1998, for the same cause of action. In that case, defendant E. Barker Auto & Truck Repair Inc. has moved to quash service on the basis of the Illinois long arm statute. The suit against HSS in Missouri does not offend traditional notions of fair play and substantial justice. The trial court erred in dismissing Schillings' claims against HSS for lack of personal jurisdiction. We need not address the Schillings' alternate argument in support of finding jurisdiction. The judgment is reversed and the cause is remanded.

AHRENS, P.J. and CRANDALL, J., concur.