Dennis NORMAN, Appellant,

v.

FISCHER CHEVROLET–
OLDSMOBILE, INC.,
Respondent.

No. ED 78618.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 29, 2001.

314

Alan H. Norman, Clayton, MO, for appellant.

Cheryl Callis, St. Louis, MO, for respondent.

AHRENS, Judge.

Dennis Norman ("plaintiff") appeals the judgment of the trial court dismissing his cause of action for defamation against Fischer Chevrolet–Oldsmobile, Inc. ("defendant"). Plaintiff contends that the trial court erred in sustaining defendant's motion to dismiss for lack of personal jurisdiction. We affirm.

Plaintiff, a resident of Florida, became an employee of defendant car dealership, a Florida corporation with its principal place of business in Florida, on January 7, 1999. Defendant terminated plaintiff's employment on February 25, 1999. On May 26,

1999, defendant received a demand letter from attorney Alan Norman ("plaintiff's attorney") of St. Louis, Missouri, the brother of plaintiff. The letter stated that attorney's firm represented plaintiff "in the matter of Dennis Norman v. Fisher [sic] Chevrolet–Oldsmobile," and alleged that defendant had breached its contract with plaintiff when it terminated his employment. The demand letter requested payment of $12,833.00 damages from car dealership. Plaintiff's attorney indicated that plaintiff would pursue his "judicial remedies" if the payment were not forthcoming, and that he would seek additional compensation if plaintiff filed suit.

On June 8, 1999, Florida attorney Mark Ragusa ("defendant's attorney"), representing car dealership, sent a letter ("June 8th letter") to plaintiff's attorney at his office in St. Louis, Missouri in response to plaintiff's demand letter. Defendant's attorney also sent a copy of the June 8th letter by facsimile to plaintiff's attorney's St. Louis office. This letter stated that it was sent to plaintiff's attorney's attention "[b]ecause we [are] aware that you represent him [plaintiff.]" The June 8th letter demanded that plaintiff cease and desist from attempting to contact employees of defendant for the purpose of inducing, directly or indirectly, any employee to quit working for defendant. This letter also demanded that plaintiff cease and desist from contacting employees of defendant for any business purpose, including "any solicitation relating to the performance of services on behalf of" defendant.

The June 8th letter also stated that "our investigation" had determined that plaintiff had tried to induce at least one employee of defendant to quit, and suggested or encouraged that employee to "sabotage" defendant's work. The letter noted that "fortunately for Dennis Norman," the employee did not act on these contacts. De-fendant's attorney further stated in the letter that plaintiff's conduct violated the terms of his Employment Agreement with car dealership and its Employee Manual, and "we believe that his conduct is actionable."

Defendant's attorney additionally stated in the June 8th letter that "our investigation [of plaintiff] is expanding" into his application for employment with defendant. Defendant's attorney indicated that "we believe that [plaintiff] failed to disclose serious deficiencies in his ability to perform the tasks related to his position with [defendant]. If our investigation confirms our initial impressions, we will be forced to respond to any litigation generated by Dennis Norman with a Counterclaim pleading causes of action for fraud in the inducement and rescission of contract." The June 8th letter closed with an invitation to plaintiff's attorney to discuss matters further with defendant's attorney if he so wished, and that "we trust that you will pass this correspondence along to your client [plaintiff]."

On September 24, 1999, plaintiff, represented by plaintiff's attorney, filed suit against defendant in Florida alleging a breach of contract. Defendant, represented by defendant's attorney, filed an answer and counterclaim for breach of contract, fraud in the inducement, and rescission.

On March 29, 2000, plaintiff filed suit against car dealership for defamation in St. Louis, Missouri. The petition alleges that through defendant's attorney, defendant made certain statements in the June 8th letter to plaintiff's attorney that defamed plaintiff, and that these statements were published in St. Louis County, Missouri to a third party by virtue of having been sent to plaintiff's attorney at his law office. The petition further alleges that these statements defamed plaintiff's professional ability and character, and that

defendant later published other purportedly defamatory statements regarding plaintiff's professional abilities. The petition did not provide further details regarding these subsequent allegedly defamatory statements, nor did it indicate where such additional statements were published or to whom they were communicated. Plaintiff's petition further alleges that defendant published all of these supposed defamatory statements "with the knowledge that the statements were false or with reckless disregard as to their truthfulness at a time when it had serious doubts as to whether they were true." Plaintiff also claimed to have suffered damages as a result of the publications of these defamatory statements. The petition did not aver that defendant conducted business in Missouri, or had any contacts with the state beyond the June 8th letter sent to plaintiff's attorney.

Defendant filed a motion to dismiss for lack of personal jurisdiction with an accompanying affidavit from Patrick Fischer in support of the motion. Defendant also filed, in the alternative, a motion to dismiss for failure to state a cause of action. On September 8, 2000, the trial court issued a "Final Order" sustaining defendant's motion to dismiss for lack of personal jurisdiction, and dismissed plaintiff's petition with prejudice. The trial court's order was not denominated as a final judgment. Plaintiff appealed, which this court dismissed, lacking jurisdiction over judgments that are not final. Plaintiff requested that the trial court reconsider the case, or in the alternative, that it denote its order of September 8, 2000 as a final judgment.

On February 23, 2001, the trial court denied plaintiff's request for reconsideration, and entered a final judgment, dismissing with prejudice the petition for lack of personal jurisdiction. Plaintiff appeals.

Jurisdiction is for the trial court to determine in the first instance. *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 600 (Mo.App. 2000). But the sufficiency of the evidence to establish a prima facie showing that the trial court can exercise jurisdiction is a question of law, which this court reviews independently on appeal. *Id.* We will uphold the judgment of the trial court unless it misstates or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Plaintiff has the burden of proving the existence of personal jurisdiction over defendant. *Schilling v. Human Support Services*, 978 S.W.2d 368, 370 (Mo. App.1998) (*citing State ex rel. William Ranni Assocs. v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987)). The trial court could hear defendant's motion to dismiss for lack of personal jurisdiction on oral testimony, on depositions, or on affidavits, and has the discretion to believe or disbelieve any factual statements made regarding such a motion. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997). The trial court may not consider the merits of the underlying cause of action, but is limited in its inquiry to examining the petition on its face and the supporting depositions and affidavits when ruling on the question of personal jurisdiction. *Schilling*, 978 S.W.2d at 370.

In plaintiff's sole point on appeal, he contends that the trial court erred in sustaining non-resident defendant's motion to dismiss for lack of personal jurisdiction because the June 8th letter sent by mail and by facsimile to plaintiff's attorney's office in St. Louis, Missouri was defamatory of plaintiff and published to a third party. Plaintiff claims defendant committed a tort in Missouri, bringing defendant within the provisions of Missouri's long

arm statute, section 506.500 RSMo 1994[1] and that the mailing of the June 8th letter to Missouri constitutes sufficient minimum contact with the state to satisfy the requirements of due process. We disagree.

 In order for a non-resident defendant to be subject to Missouri's long arm jurisdiction, in addition to the requirement that the suit must arise from activities listed in the statute, the defendant must also have sufficient minimum contacts with the state to satisfy the requirements of due process. *Schilling,* 978 S.W.2d at 371. Plaintiff has the burden of proving that defendant had minimum contacts with Missouri such that his suit against car dealership "does not offend 'traditional notions of fair play and substantial justice.' " *Id.* (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)). These contacts with Missouri "must also be purposeful and such that defendant 'should reasonably anticipate being haled into court there....' " *Dillaplain v. Lite Industries, Inc.,* 788 S.W.2d 530, 534 (Mo.App.1990) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980)). The "minimum contacts" test cannot be applied in a mechanical fashion. *Dillaplain,* 788 S.W.2d at 534. "[T]he facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." *Kulko v. Superior Court of California, Etc.,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132, 141 (1978). Five factors should be considered in determining whether or not a non-resident defendant has sufficient, purposeful minimum contacts with the state for a Missouri court to have personal jurisdiction: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. *Dillaplain,* 788 S.W.2d at 534. The first three factors are of primary importance; the last two are secondary factors. *Id.*

 Defendant had only one contact with Missouri, the June 8th letter. In a defamation action this can be sufficient to establish minimum contacts. There is a direct relationship between the contact and the present cause of action, as it is alleged that the June 8th letter received in Missouri by plaintiff's attorney constituted publication of defamatory statements about plaintiff by defendant through its agent, defendant's attorney, which caused damage to plaintiff. But the other factors of the due process test argue against finding that defendant had sufficient, purposeful minimum contacts with Missouri. The June 8th letter was written by defendant's attorney in response to a demand letter from plaintiff's attorney concerning potential litigation. This was not a contact initiated by defendant by which defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State[.]" *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). Neither party to the action is a resident of Missouri. Both parties are residents of Florida, where there is ongoing litigation between the parties that is at least indirectly connected to the present action. The only witness that is a Missouri resident is plaintiff's attorney, who is representing plaintiff in the Florida litigation. Evaluating these factors, we find that the defendant did not purposefully establish sufficient minimum contacts with Missouri for its courts to have personal jurisdiction over defendant.

**1.** All further statutory references are to RSMo 1994 unless otherwise indicated.

Even if the defendant had purposefully established minimum contacts with Missouri, the court would have to consider other factors to determine if the assertion of personal jurisdiction would not offend "fair play and substantial justice." *Dillaplain*, 788 S.W.2d at 534. (quoting *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102). These factors include: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* at 535 (*citing Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 114–15, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92, 105–06 (1987)).

The burden on defendant would not be slight. It is a Florida corporation with its principal place of business in Florida. Other than its attorney's June 8th letter, defendant has not conducted any business-related activities in Missouri. Defendant's attorney, who sent the June 8th letter, practices law in Florida. Except for plaintiff's attorney, it seems likely that other witnesses concerning the defamatory statements contained in the letter would be located in or near Florida, not Missouri. Missouri's interest in this case is minimal, as both parties are non-residents. Plaintiff and defendant are residents of Florida, and are engaged in ongoing litigation in that state. In the Florida case, plaintiff's Missouri attorney is representing plaintiff. The alleged defamatory June 8th letter was composed by defendant's Florida attorney. Consideration of the five factors outlined in *Dillaplain* weighs heavily against a finding that Missouri courts would have personal jurisdiction over defendant even if it had purposefully established minimum contacts. For Missouri courts to assert personal jurisdiction over defendant in this case would offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102. Point denied.[2]

The judgment of the trial court is affirmed.

WILLIAM H. CRANDALL JR, J., concurs.

JAMES R. DOWD, J., concurs.

---

2. The trial court having sustained the motion to dismiss for lack of personal jurisdiction, it did not reach nor rule on car dealership's motion to dismiss for failure to state a cause of action. This court likewise does not need to address the motion to dismiss for failure to state a cause of action, nor do we address whether or not plaintiff made a prima facie case for defamation.