**Carol Anne WRAY,
Petitioner/Respondent,**

v.

**Raymond Edward WRAY,
Respondent/Appellant.**

No. ED 79716.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 29, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 2002.

Application for Transfer Denied
May 28, 2002.

Mark H. Kruger, Clayton, MO, for appellant.

Charles P. Todt, Cheryl Z. Fisher, Clayton, MO, for respondent.

MARY K. HOFF, Judge.

Raymond Edward Wray (Husband) appeals from the trial court's Judgment and Order Pendente Lite (PDL) awarding temporary maintenance, child support, attorney's fees, and suit money to Carol Anne Wray (Wife) in an action for dissolution of marriage.[1] We reverse the PDL to the extent it directed Husband to pay Wife maintenance, child support, attorney's fees, and suit money because the trial court lacked personal jurisdiction over Husband.[2]

Husband and Wife were married in St. Louis, Missouri on May 27, 1978. Within a few days they moved to Texas where they lived until moving to England in 1981. They remained in England for approximately 18 years until their separation in December of 1999. Wife and the parties' two minor children traveled to St. Louis, Missouri, in December of 1999, to visit Wife's family. Husband sent Wife a letter in St. Louis shortly thereafter stating he would not be joining the family in St. Louis because he was leaving her. Husband then moved to Texas where he now resides.

Wife filed her petition for dissolution of marriage in March 2000. Husband then made a special entry of appearance and filed a motion to dismiss contesting the court's jurisdiction over him. The trial court denied Husband's motion to dismiss finding it had in rem jurisdiction over Husband and did not need in personam jurisdiction to dissolve the marriage and determine child custody. Wife then filed a

---

1. Because Husband's points on appeal do not challenge the PDL to the extent it awarded child custody to Wife, visitation to Husband, and restraining orders against both Husband and Wife, we do not consider those matters in this appeal.

2. Wife's Motion to Dismiss the appeal is denied. Wife has not convinced us that Husband's brief is sufficiently deficient to warrant dismissal of his appeal. Further, the PDL is not rendered moot by the subsequent judgment of dissolution of marriage. "Orders on PDL motions in divorce proceedings are judgments in independent proceedings." *Lardinois v. Lardinois,* 852 S.W.2d 872, 873 (Mo. App. E.D.1993). " 'They stand upon their own merits and are in no way dependent upon the merits of the issues in the underlying dissolution suit.' " *Id. (quoting In re Marriage of Gillett,* 762 S.W.2d 525, 527 (Mo.App. S.D.1988)).

motion for a PDL seeking temporary maintenance, support, custody, attorney's fees, and suit money. Following the trial court's PDL awarding Wife maintenance, child support, attorney's fees, and suit money, Husband filed a motion for a new trial renewing his challenge to the trial court's lack of personal jurisdiction over him. This appeal followed the trial court's denial of Husband's motion for new trial.

Husband raises four points contesting: 1) the trial court's exercise of personal jurisdiction over him; 2) the amount of child support awarded to Wife; 3) the amount of maintenance awarded to Wife; and 4) the amount of attorney's fees and suit money awarded to Wife. We only address the merits of Husband's first point because we find the trial court lacked personal jurisdiction over Husband and therefore could not order Husband to pay Wife maintenance, child support, attorney's fees, and suit money.

▇▇▇ "An action for dissolution of marriage involves an amalgam of contractual rights and status." *Ferrari v. Ferrari*, 585 S.W.2d 546, 547 (Mo.App. E.D.1979). Insofar as the proceeding affects certain contractual aspects of the marriage, such as maintenance and support, the action is in personam. *Id.* The court must have jurisdiction over the person of Husband to adjudicate a personal liability against him, such as maintenance, support, attorney's fees, and suit money. *Id.; Edwards v. Edwards*, 709 S.W.2d 165, 168 (Mo.App. E.D.1986).

▇▇▇ First, we must address Wife's contention that Husband failed to preserve for appeal the issue of lack of personal jurisdiction, and even waived it, by not raising his personal jurisdiction challenge after the trial court denied his motion to dismiss. It is well settled in Missouri that a timely motion objecting to personal jurisdiction preserves that objection through the trial, regardless of the fact that a defendant may thereafter plead over to the merits, utilize discovery procedures, and apply for or consent to continuances. *Rakestraw v. Norris*, 478 S.W.2d 409, 414 (Mo.App. S.D.1972). " 'Having once hoisted the flag at the beginning of a journey a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route.' " *Jones v. Buckley*, 425 S.W.2d 204, 207 (Mo.1968) (*quoting Greenwood v. Schnake*, 396 S.W.2d 723, 726 (Mo.1965)). Husband's challenge to the trial court's exercise of personal jurisdiction over him was properly preserved for appellate review, and we will therefore address the merits of Husband's claim.

▇▇▇ A judgment entered without personal jurisdiction over a party is void. *Reisinger v. Reisinger*, 39 S.W.3d 80, 83 (Mo.App. E.D.2001). In order to subject a non-resident defendant to personal jurisdiction in Missouri courts, the plaintiff must make a prima facie showing that 1) the cause of action arose out of an activity covered by Missouri's long-arm statute, Section 506.500 RSMo 1994,[3] and 2) the defendant had sufficient minimum contacts with Missouri to satisfy the requirements of due process. *Norman v. Fischer Chevrolet Oldsmobile, Inc.*, 50 S.W.3d 313, 317 (Mo.App. E.D.2001). Because we find the cause of action did not arise from an activity covered by the long-arm statute, we will not address the requirements of due process.

Wife points to two potential bases for Missouri courts to exercise personal jurisdiction over Husband under Missouri's long-arm statute. First, Wife relies on Section 506.500.2, which confers Missouri

**3.** All subsequent statutory citations are to RSMo 1994 unless otherwise stated.

courts with personal jurisdiction over individuals who have lived in lawful marriage within the state. Wife urges this statutory provision is satisfied because the marriage occurred here, the parties lived here for a few days after the marriage, and the parties visited Missouri on occasion during the marriage. Second, Wife claims Missouri courts may exercise personal jurisdiction over Husband under Section 506.500.1(3) which extends personal jurisdiction over an individual who commits a tortious act within the state. Wife contends that Husband abandoned Wife, without good cause, and refused to provide her with maintenance and support, subjecting him to liability under Section 452.130. Characterizing this abandonment as a tortious act, Wife argues Husband's abandonment falls within Section 506.500.1(3).

Essentially our review of the trial court's exercise of personal jurisdiction over Husband in the PDL requires consideration of the court's denial of Husband's motion to dismiss. When presented with a motion to dismiss for lack of personal jurisdiction, the trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 n. 3 (Mo. banc 1997). The merits of the underlying action are not considered. *Id.* The sufficiency of the evidence to establish a prima facie showing that the trial court can exercise jurisdiction over Husband is a question of law, which this court reviews independently on appeal. *Id.; Norman*, 50 S.W.3d at 316. We will uphold the judgment of the trial court unless it misstates or misapplies the law. *Id.* (*citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

To the extent Wife presented the statutory provision regarding "liv[ing] in

lawful marriage" in Missouri in her petition when she alleged, "[Wife] was lawfully married to [Husband], said marriage being registered in the City of St. Louis, State of Missouri," we find this allegation not sufficient to support personal jurisdiction over Husband under the circumstances. The parties left Missouri a few days after their wedding and settled in Texas, and only visited Missouri on occasion throughout their marriage.

In *Crouch v. Crouch*, 641 S.W.2d 86 (Mo. banc 1982), husband and wife were married in Oklahoma and spent four days in Missouri after their wedding. The Supreme Court found husband's brief stay in Missouri fell short of satisfying the statutory prerequisite necessary to subject him to personal jurisdiction in Missouri courts. *Id.* The Missouri Supreme Court said "the most that can be said is that [husband] visited Missouri on a number of occasions." *Id.* at 89.

The facts of the case before us are markedly similar to *Crouch*, except that Husband and Wife were married in Missouri. This distinction does not change the outcome. "It borders on the absurd to believe the [legislature] intended to permit personal jurisdiction where the marriage was contracted in Missouri, but the parties have long since left the state...." *Washington v. Washington*, 486 S.W.2d 668, 670 (Mo.App. E.D.1972). In the case before us, Husband and Wife were married in Missouri and left the state shortly thereafter. They returned to Missouri only on visits to Wife's family. Based on *Crouch*, Husband's contacts with Missouri during the parties' marriage are insufficient to constitute "liv[ing] in lawful marriage within this state." Section 506.500.2; *Crouch, supra.*

Nowhere in Wife's petition for dissolution of marriage does she mention

any tortious conduct by Husband that is the basis of the dissolution or PDL. " 'A party relying on a defendant's commission of a tort within this state to invoke long arm jurisdiction must make a prima facie showing of the validity of his claim.' " *Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.,* 8 S.W.3d 893, 899 (Mo.App. W.D.2000) *(quoting State ex rel. William Ranni Associates, Inc. v. Hartenbach,* 742 S.W.2d 134, 137 (Mo. banc 1987)). Without a prima facie showing in the petition and supporting affidavits of the validity of the tortious conduct claim, we cannot find the court had personal jurisdiction over Husband under Section 506.500.1(3).

Wife has not established in her petition or otherwise that the PDL or dissolution arose from any of the activities enumerated in Missouri's long-arm statute, Section 506.500. The portion of the PDL granting maintenance, child support, attorney's fees and suit money is void because the trial court lacked personal jurisdiction over Husband. Accordingly, the PDL is reversed to that extent.

Point one is granted.

The PDL is reversed in part and remanded to the trial court to vacate the portion of the judgment regarding maintenance, child support, attorney's fees, and suit money.

GEORGE W. DRAPER III, Presiding Judge and MARY R. RUSSELL, Judge, Concur.