**Stuart AULD, Appellant–Respondent,**

v.

**Robert James ADLER,
et al., Defendants,**

**Gerald Salchert, Respondent–Appellant.**

**Nos. WD 60890, 60960.**

Missouri Court of Appeals,
Western District.

Feb. 11, 2003.

Thomas B. Sullivan, Kansas City, for appellant-respondent.

Kimberly A. Gale, Kansas City, for respondent-appellant.

Before JOSEPH M. ELLIS, Chief Judge, VICTOR C. HOWARD, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Chief Judge.

On December 9, 1997, Appellant Stuart Auld filed a Petition for Damages against Robert James Adler, Nancy (Adler) Wilson, and Respondent Gerald Salchert in the Circuit Court of Jackson County. Appellant asserted claims for breach of contract, breach of fiduciary duty, breach of trust, and action for accounting.

On December 22, 1997, Appellant attempted to serve Respondent through the Fond Du Lac County, Wisconsin, sheriff's department. The summons was addressed to a post office box in St. Cloud, Wisconsin, which Respondent had used as a return address on a letter sent to Appellant's attorney on March 5, 1995. The sheriff went to the house of Respondent's mother in St. Cloud and did not find anyone at home. A short time thereafter, Respondent's brother arrived at the house, having heard that the sheriff was at his mother's home. At that point, the sheriff served Respondent's brother with the summons and petition.

On December 10, 1998, a court-appointed special process server attempted to serve Respondent at an address in Winter Haven, Florida, but was unable to locate Respondent.

On June 7, 1999, Appellant filed a Motion for Interlocutory Judgment against Respondent and Robert Adler.[1] That same day, the trial court issued its Interlocutory Judgment of Default against those defendants and declared that a hearing on the resulting damages would be conducted at a later date.[2]

On November 27, 2000, Respondent filed a Motion to Set Aside Interlocutory Judgment under Rule 74.06(b).[3] On January 29, 2001, the trial court granted Respondent's motion and set aside the interlocutory judgment, finding that Respondent had not been properly served. The trial court granted Appellant ninety days to obtain service over Respondent. On March 15, 2001, a special process server served Respondent with the summons and petition at his residence in Florida.

On April 13, 2001, Respondent filed his answer to Appellant's petition. In his answer, Respondent raised the affirmative defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, failure to comply with the statute of limitations, failure to join necessary parties, and failure to state a claim upon which relief could be granted. Subsequently, Respondent filed a Motion to Dismiss and Suggestions in Support asking the court to dismiss the cause of action due to lack of personal jurisdiction over Respondent.[4] In this regard, Respondent argued that Appellant's petition failed to allege any action on his part that would bring him under the provisions of the long-arm statute and, also, that he lacked sufficient minimum contacts with the State of Missouri to support a finding that the court had personal jurisdiction over him.

---

1. Mrs. Wilson had previously been dismissed by the trial court on her motion to dismiss for lack of personal jurisdiction.

2. That judgment contained a finding "[t]hat service was obtained on the Defendants or is hereby deemed proper with sufficient notice and time allowed for Defendants to properly respond to Plaintiff's Petition." The Court also found that, based upon the pleadings, it had jurisdiction over those defendants.

3. "Rule 74.06(b)(4) permits a court on motion to relieve a party from a final judgment or order, on such terms as are just, when the judgment is void. That Rule is applicable to default judgments." *Cook v. Polineni*, 967 S.W.2d 687, 690 (Mo.App. E.D.1998).

4. Respondent also asked the Court to dismiss the matter based upon the statute of limitations.

On June 26, 2001, based upon the pleadings and affidavits submitted by the parties, the trial court entered its order finding that it lacked personal jurisdiction over Respondent and granting Respondent's motion to dismiss on that basis. Subsequently, on November 28, 2001, the trial court entered its final judgment dismissing the case after Appellant had entered his stipulation of dismissal as to the other defendants in the action.

In his sole point on appeal, Appellant claims that the trial court erred in finding that it lacked personal jurisdiction over Respondent and granting the motion to dismiss "because service was obtained over Defendant Gerald Salchert in that Defendant Gerald Salchert was personally served in Wisconsin on December 22, 1998, in Florida on December 19, 1998 and again in Florida on March 15, 2001." Appellant then follows his point relied on with a series of different arguments, most of which do not relate to the point relied on.

The most glaring problem with the contention in Appellant's point relied on is the fact that the trial court's ruling had absolutely nothing to do with service of process. In fact, Respondent has never challenged the sufficiency of the service of process obtained on March 15, 2001, and filed an answer to Appellant's petition following that service. The motion to dismiss that was before the trial court asserted that the allegations in Appellant's petition did not satisfy the long-arm statute with regard to Respondent and that Respondent did not have sufficient contacts with the State of Missouri for the court to exercise personal jurisdiction over him.

■ "When a defendant raises the issue of lack of personal jurisdiction, the burden shifts to the plaintiff to make a prima facie showing of jurisdiction by showing: (1) that the action arose out of an activity covered by the long-arm statute, section 506.500, and (2) that defendant had sufficient minimum contacts with the forum state to satisfy due process requirements in order to withstand the motion." *Conway v. Royalite Plastics Ltd.,* 12 S.W.3d 314, 318 (Mo. banc 2000). "When the motion is based on facts not appearing on the record, as is the case here, 'the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition.'" *Lindley v. Midwest Pulmonary Consultants, P.C.,* 55 S.W.3d 906, 909 (Mo.App. W.D.2001) (quoting *Conway,* 12 S.W.3d at 318). When affidavits are presented to the trial court, the trial court is free to believe or disbelieve any of the statements contained within those affidavits, and it is within the sole discretion of the trial court to make factual determinations based upon those affidavits. *Id.*

■ After considering the pleadings and the affidavits submitted by the parties, the trial court granted Respondent's motion to dismiss, generally finding that the court lacked personal jurisdiction over Respondent. Where the trial court does not specifically state the grounds on which it based its order of dismissal, we must presume the dismissal was based upon one of the grounds presented and will affirm the trial court's ruling if any of the grounds asserted by the movant can sustain the trial court's action. *Id.* at 911.

■ In support of his contention in his motion to dismiss that the court lacked personal jurisdiction over him, Respondent asserted that he did not have sufficient minimum contacts with the State of Missouri to satisfy due process requirements. "A defendant must have sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 5 (Mo. banc 1997) (quoting *Dillaplain v. Lite Indus., Inc.*, 788 S.W.2d 530, 534 (Mo. App. W.D.1990) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945))). "A defendant's contacts with the forum state must be purposeful and such that defendant should reasonably anticipate being haled into court in the forum state." *Id.* "Five factors should be considered in determining whether or not a non-resident defendant has sufficient, purposeful minimum contacts with the state for a Missouri court to have personal jurisdiction: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Norman v. Fischer Chevrolet Oldsmobile, Inc.*, 50 S.W.3d 313, 317 (Mo.App. E.D.2001). The first three of these factors are of primary importance, and the last two are considered secondary factors. *Id.*

■ While Appellant generally asserts in his argument on appeal that his petition alleged acts sufficient to satisfy the long-arm statute, he wholly fails to offer any argument on appeal asserting that Respondent had sufficient contacts with the State of Missouri to warrant the assertion of personal jurisdiction over Respondent. Because Appellant does not specifically address the issue of the sufficient minimum contacts in his argument on appeal, he has thereby precluded appellate review of this issue. *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 602 (Mo.App. E.D.2000). Appellant has offered no argument from which we could

determine that the trial court erred in finding that Respondent lacked sufficient minimum contacts with the State of Missouri to satisfy due process requirements and allow the trial court to assume personal jurisdiction over him. Point denied.[5]

The judgment is affirmed.

All concur.

---

**5.** Having reached this conclusion, we need not address Respondent's claim on cross-appeal that the trial court erred in failing to dismiss Appellant's petition for failing to state a claim upon which relief could be granted against Respondent.