**STATE of Missouri, ex rel., SPECIALIZED TRANSPORT, INC., and Charles E. West, Jr., Relators,**

v.

**Honorable David L. DOWD, Respondent.**

**No. ED 91714.**

Missouri Court of Appeals, Eastern District, Writ Division Three.

Sept. 23, 2008.

Lawrence Grebel, St. Louis, MO, for appellant.

Freeman Robertson Bosley, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Relators Charles E. West, Jr. and Specialized Transport, Inc. (collectively "Relators") filed a petition for writ of prohibition alleging that the trial court lacked personal jurisdiction over the Relators, and requesting this Court to order the trial judge ("Respondent") to refrain from taking any action in the Case No. 0822–CC02016 except to dismiss the matter for lack of personal jurisdiction. We entered a preliminary order, which we now make absolute.

In the action pending in the circuit court, plaintiff, Ahmad J. Britton, Jr. ("Plaintiff"), a minor, by and through his next friend, Artimese Russell, filed a lawsuit seeking to recover damages from Charles E. West, Jr. and his employer, Specialized Transport, Inc. for wrongful death of Sharae J. Williams ("Mother"), the mother of plaintiff. Plaintiff alleged the following. On or about April 2, 2008, Mother, a resident of the City of St. Louis, Missouri, was a passenger in a car, a Chevy Lumina, operated by Okiechia Travis, which was being driven on Interstate 55/70 in the City of East St. Louis, Illinois. Mr. West, a truck driver employed by Specialized Transport, was operating a tractor-trailer owned by Specialized Transport, and also driving on I–55/70. The vehicle operated by Mr. West struck the Lumina in which Mother was riding, resulting in her death. The petition alleged that in the course of his employment by Specialized Transport, Mr. West was negligent in the operation of the tractor-trailer, and that his conduct was willful, wanton and reckless. It also averred that Mr. West resides in West Alton, Illinois, and that Specialized Transport is an Illinois corporation located in Waverly, Illinois. Nothing in the petition alleged that either defendant had any contact with Missouri or the City of St. Louis. Plaintiff's petition was served on Relators by first-class mail sent to their respective addresses in Illinois. Relators entered their appearance for the sole purpose of challenging the circuit court's jurisdiction, and moved to dismiss the action for lack of personal jurisdiction. The circuit court denied this motion.

Relators subsequently filed a petition for a writ of prohibition with this Court. We entered a preliminary order in prohibition. Respondent filed a response in opposition to Relators' petition for a writ of prohibition. In accordance with Rule 84.24(j), we dispense with further briefing and make the preliminary order absolute.

Relators contend that Plaintiff neither pleaded nor proved that Relators commit-

ted any of the acts set forth in Missouri's long-arm statute, section 506.500 RSMo. 2000.[1] Relators also assert that Plaintiffs neither pleaded nor proved that Relators have sufficient minimum contacts with Missouri that would satisfy the requirements of due process.

Respondent and Plaintiff assert that the trial court does have personal jurisdiction over Relators. Plaintiff avers that during the hearing on Relators' motion to dismiss, Plaintiff informed the trial court that one of the Relators, presumably Specialized Transport, was a member of the National Tank Truck Carriers, Inc., "and as a result would pass through the State of Missouri and possibly did business with Missouri." Plaintiff contends that this was not actively denied by either of the Relators.

Prohibition is a discretionary writ. *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 856 (Mo. banc 2001). Prohibition will lie only to prevent an abuse of judicial discretion, to avert irreparable harm to a party, or to prevent the exercise of extra-jurisdictional power. *Id.* at 857. Prohibition is appropriate where the lower court lacks either personal jurisdiction or subject matter jurisdiction. *State ex rel. Department of Social Services, Division of Child Support Enforcement v. Hudson*, 158 S.W.3d 319, 322 (Mo.App.2005).

Relators are non-residents of Missouri. Two elements must be present in order for a non-resident defendant to subject itself to Missouri's long-arm jurisdiction. *Dillaplain v. Lite Industries, Inc.*, 788 S.W.2d 530, 533 (Mo.App.1990). First, the lawsuit must arise out of the activities set forth in the long-arm statute; and second, the defendant must have sufficient minimum contacts with Missouri to satisfy the requirements of due process. *Chromalloy American Corp. v. Elyria*

*Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997). When a defendant raises the issue of personal jurisdiction in a motion to dismiss, the plaintiff has the burden to show that the circuit court's exercise of jurisdiction is proper. *Capitol Indemnity Corp. v. Citizens Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 899 (Mo.App.2000).

In order to subject a non-resident defendant to the jurisdiction of Missouri's courts, Missouri's long-arm statute, section 506.500, provides in relevant part that the cause of action must arise from certain enumerated activities, which include:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Despite the response in opposition to the petition for a writ of prohibition filed by Respondent and Plaintiff, Plaintiff has neither pleaded nor proved that either of the Relators committed any of the activities set forth in section 506.500. Asserting in a hearing that one of the Relators, presumably Specialized Transport, is a member of a national organization and "possibly did business with Missouri" is neither pleading nor proving that the trial court has personal jurisdiction of either Relator. As for the contention that the Relator neither denied that it had some contact with Mis-

---

1. All further statutory citations are to RSMo. 2000.

souri nor that it did business here, we note that when a defendant raises the issue of personal jurisdiction in a motion to dismiss, it is the plaintiff's burden to show that the circuit court's exercise of jurisdiction is proper. *Capitol Indemnity*, 8 S.W.3d at 899. It is not the defendant's burden to prove that the circuit court lacks personal jurisdiction.

In addition, in order to subject a non-resident defendant to Missouri's long-arm jurisdiction, not only must the lawsuit arise from activities enumerated in the long-arm statute, the defendant must also have sufficient minimum contacts with Missouri to satisfy due process requirements. *Norman v. Fischer Chevrolet–Oldsmobile, Inc.*, 50 S.W.3d 313, 317 (Mo. App.2001). Plaintiff has the burden of proving that a defendant had sufficient, purposeful minimum contacts with Missouri such that the lawsuit does not offend traditional notions of substantial justice and fair play, and the defendant should reasonably anticipate being brought into court here. *Id.* There are five factors that should be considered in determining whether or not a non-resident defendant has sufficient, purposeful minimum contacts with the state for a Missouri court to have personal jurisdiction. *Id.* These factors are:

> (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties.

*Id.* Of these factors, the first three are of primary importance while the last two are secondary. *Id.*

The first three factors significantly favor Relators. The accident occurred in Illinois and both Relators are Illinois residents. While Missouri has an interest in providing a forum for its residents, there is nothing to indicate that Plaintiff does not have a viable forum in Illinois. At most, this factor theoretically could favor Plaintiff slightly. As for convenience, in addition to the predominant connections to Illinois mentioned above we note that the applicable substantive law would presumably be that of Illinois. While traveling to the Metro East area for litigation is a burden on a resident of the City of St. Louis, Missouri, it is a relatively slight one. The factor of convenience favors Relators.

In addition to failing to plead and prove that Relators committed an act encompassed by section 506.500, Plaintiff did not plead or prove that either Relator has sufficient minimum contacts with Missouri with respect to the wrongful death action to meet the due process requirements that would enable a Missouri court to have jurisdiction over a non-resident defendant.

Plaintiff did not plead nor prove that the circuit court has personal jurisdiction of either of the Relators. Our preliminary order in prohibition is made absolute, and we direct Respondent to take no further action in Case No. 0822–CC02016 except to dismiss the matter for lack of personal jurisdiction.

MARY K. HOFF and SHERRI B. SULLIVAN, JJ., concur.