

# In the Missouri Court of Appeals
# Eastern District

## WRIT DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., | ) | No. ED104669 |
| REHNQUIST DESIGN & BUILD, INC., | ) | |
| | ) | Writ of Prohibition |
| Relator, | ) | |
| | ) | |
| vs. | ) | Case No. 15SL-CC01812 |
| | ) | |
| HONORABLE ELLEN LEVY SIWAK, | ) | |
| Judge, Circuit Court of St. Louis County, | ) | |
| | ) | |
| Respondent. | ) | Filed: September 27, 2016 |

**OPINION**

Relator Rehnquist Design & Build seeks a writ of prohibition directing the Honorable Ellen Levy Siwak to refrain from enforcing an order to compel the discovery of its financial assets as relevant to punitive damages in Case No. 15SL-CC01812. We issued a preliminary order in prohibition on August 19, 2016. Respondent filed suggestions in opposition and an answer. We dispense with further briefing in accordance with Rule 84.24(j). The preliminary order is hereby made permanent.

Donald and Vivian Meyer filed a lawsuit against Relator seeking actual and punitive damages for trespass and nuisance after Relator's real estate development allegedly caused water and mud to accumulate on their property. In support of their

claim for punitive damages, the Meyers sought discovery of Relator's financial assets as permitted by §510.263.8, which states:

> Discovery as to a defendant's assets shall be allowed only after a finding by the trial court that it is more likely than not that the plaintiff will be able to present a submissible case to the trier of fact on the plaintiff's claim of punitive damages.

Relator refused to produce its financial data, so the Meyers filed a motion to compel discovery. The trial court granted the motion subject to a protective order but did not articulate a finding that it was more likely than not that the Meyers would be able to present a submissible case for punitive damages. Relators then sought a writ of prohibition to prevent the court from enforcing its order to compel. This court issued a preliminary order prohibiting the trial court from taking any further action other than to vacate its order. We further instructed that an order to compel discovery of financial assets could only be entered upon a finding on the record in accordance with §510.263.8.

Prohibition is a discretionary writ. State ex rel. Specialized Transp., Inc. v. Dowd, 265 S.W.3d 858, 861 (Mo. App. E.D. 2008). Prohibition will lie only to prevent an abuse of judicial discretion, to avert irreparable harm to a party, or to prevent the exercise of extra-jurisdictional power. Id. Prohibition is appropriate where a trial judge seeks to permit discovery which is expressly forbidden by statute. State ex rel. Williams v. Mauer, 722 S.W.2d 296, 297 (Mo. banc 1986).

Section 510.263.8 specifically states that a defendant's financial assets are discoverable "only after a finding by the trial court" that the plaintiff is likely to make a submissible case. The trial court made no such finding here. Although the Respondent argues that the finding can be inferred from the trial court's order, we do not interpret the statute to permit such a presumption.

2

The preliminary order in prohibition is made permanent. Respondent is directed to vacate its order to compel the discovery of Relator's financial assets in Case No. 15SL-CC01812 unless and until it makes an express finding on the record in accordance with §510.263.8.

_____
Lisa Van Amburg, Presiding Judge


Mary K. Hoff, J., and
Colleen Dolan, J., concur.