Leodegaria Sanchez **PONTIGON**,
Respondent,

v.

Udis Sanchez **LORD**, Appellant.

No. ED 95677.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 2011.

Udis Sanchez Lord, O'Fallon, MO, pro se.

S. Martin Kansky, St. Louis, MO, for respondent.

KENNETH M. ROMINES, J.

This is an appeal from the registration of a Canadian defamation judgment. We reverse.

Because only questions of law are at issue, we review *de novo*. *State ex rel. Nixon v. Griffin*, 291 S.W.3d 817, 819 (Mo. App. W.D.2009).

The appellant, Ms. Lord, is an American citizen, resident of St. Charles County, Missouri, who was born in the Philippines. The respondent, Leodegaria Sanchez, is Ms. Lord's cousin, and a resident of Ontario, Canada, who was likewise born in the Philippines. The basis of the complaint before the Canadian Court was Ms. Lord's

self-published life story told in *From Fieldhand to Ph.D., Ms. Asia International* (Fieldhand).

One of the incidents set out in "Fieldhand" is an incident which is the subject of ongoing litigation to set aside a deed for fraud in the Philippines by Ms. Lord and her sister against Ms. Sanchez. Although unclear as to how it occurred, "Fieldhand" was put on the internet and downloaded in Ontario, Canada by Ms. Sanchez.

Ms. Sanchez filed a petition in Canada for defamation in regard to the fraud claim in the Philippines. The record reflects that Ms. Lord received service of process of the suit by email and a fax from Ms. Sanchez's lawyer. Ms. Lord did not make a personal appearance in Canada, and a judgment for thirty-seven thousand five hundred dollars ($37,500) together with pre-judgment interest and costs of thirteen thousand seven hundred and sixteen dollars and forty six cents ($13,716.46) was entered.

■ This "judgment" was filed in St. Charles County, Missouri—Ms. Lord was given notice—and after hearing the Circuit Court granted the registration, from which a garnishment issued. Our review of the record—a review of the First Amendment to the U.S. Constitution—a review of Title 28 §§ 4101–4105—and a review of § 511.760 and § 511.770—511.785 RSMo, compel the cause to be reversed, the underlying registration set aside and the garnishment quashed.

Congress passed Title 28 §§ 4101–4105 with the following historical note:

Congress finds the following:

(1) The freedom of speech and the press is enshrined in the first amendment to the Constitution, and is necessary to promote the vigorous dialogue necessary to shape public policy in a representative democracy.

(2) Some persons are obstructing the free expression rights of United States authors and publishers, and in turn chilling the first amendment to the Constitution of the United States interest of the citizenry in receiving information on matters of importance, by seeking out foreign jurisdictions that do not provide the full extent of free-speech protections to authors and publishers that are available in the United States, and suing a United States author or publisher in that foreign jurisdiction.

(3) These foreign defamation lawsuits not only suppress the free speech rights of the defendants to the suit, but inhibit other written speech that might otherwise have been written or published but for the fear of a foreign lawsuit.

(4) The threat of the libel laws of some foreign countries is so dramatic that the United Nations Human Rights Committee examined the issue and indicated that in some instances the law of libel has served to discourage critical media reporting on matters of serious public interest, adversely affecting the ability of scholars and journalists to publish their work. The advent of the internet and the international distribution of foreign media also create the danger that one country's unduly restrictive libel law will affect freedom of expression worldwide on matters of valid public interest.

(5) Governments and courts of foreign countries scattered around the world have failed to curtail this practice of permitting libel lawsuits against United States persons within their courts, and foreign libel judgments inconsistent with United States first amendment protections are increasingly common.

With this background then Title 28 § 4101 states:

In this chapter:

(1) Defamation.—The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

(2) Domestic court.—The term "domestic court" means a Federal court or a court of any State.

(3) Foreign court.—The term "foreign court" means a court, administrative body, or other tribunal of a foreign country.

(4) Foreign judgment.—The term "foreign judgment" means a final judgment rendered by a foreign court.

(5) State.—The term "State" means each of the several States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

(6) United States person.—The term "United States person" means—

(A) a United States citizen;

(B) an alien lawfully admitted for permanent residence to the United States;

(C) an alien lawfully residing in the United States at the time that the speech that is the subject of the foreign defamation action was researched, prepared, or disseminated; or

(D) a business entity incorporated in, or with its primary location or place of operation in, the United States.

These definitions apply to the facts before us. Substantively, Title 28 § 4102 compels:

(a) First Amendment considerations.—

(1) In general.—Notwithstanding any other provision of Federal or State law, a domestic court shall not recognize or enforce a foreign judgment for defamation unless the domestic court determines that—

(A) the defamation law applied in the foreign court's adjudication provided at least as much protection for freedom of speech and press in that case as would be provided by the first amendment to the Constitution of the United States and by the constitution and law of the State in which the domestic court is located; or

(B) even if the defamation law applied in the foreign court's adjudication did not provide as much protection for freedom of speech and press as the first amendment to the Constitution of the United States and the constitution and law of the State, the party opposing recognition or enforcement of that foreign judgment would have been found liable for defamation by a domestic court applying the first amendment to the Constitution of the United States and the constitution and law of the State in which the domestic court is located.

(2) Burden of establishing application of defamation laws.—The party seeking recognition or enforcement of the foreign judgment shall bear the burden of making the showings required under subparagraph (A) or (B).

(b) Jurisdictional considerations.—

(1) In general.—Notwithstanding any other provision of Federal or State law, a domestic court shall not recognize or enforce a foreign judgment for defamation unless the domestic court determines that the exercise of personal jurisdiction by the foreign court comported with the due process requirements that are imposed on do-

mestic courts by the Constitution of the United States.

(2) Burden of establishing exercise of jurisdiction.—The party seeking recognition or enforcement of the foreign judgment shall bear the burden of making the showing that the foreign court's exercise of personal jurisdiction comported with the due process requirements that are imposed on domestic courts by the Constitution of the United States.

(c) Judgment against provider of interactive computer service.—

(1) In general.—Notwithstanding any other provision of Federal or State law, a domestic court shall not recognize or enforce a foreign judgment for defamation against the provider of an interactive computer service, as defined in section 230 of the Communications Act of 1934 (47 U.S.C. 230) unless the domestic court determines that the judgment would be consistent with section 230 if the information that is the subject of such judgment had been provided in the United States.

(2) Burden of establishing consistency of judgment.—The party seeking recognition or enforcement of the foreign judgment shall bear the burden of establishing that the judgment is consistent with section 230.

(d) Appearances not a bar.—An appearance by a party in a foreign court rendering a foreign judgment to which this section applies shall not deprive such party of the right to oppose the recognition or enforcement of the judgment under this section, or represent a waiver of any jurisdictional claims.

(e) Rule of construction.—Nothing in this section shall be construed to—

(1) affect the enforceability of any foreign judgment other than a foreign judgment for defamation; or

(2) limit the applicability of section 230 of the Communications Act of 1934 (47 U.S.C. 230) to causes of action for defamation.

Though cited to the Circuit Court these provisions were not applied, indeed these provisions were not considered. Title 28 § 4101 through Title 28 § 4105 must be considered and applied by the Circuit Court.

■ Ms. Lord additionally cited to the Circuit Court §§ 511.760(3) RSMo and § 511.778. They state:

A verified petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and the record of any subsequent entries affecting it, all authenticated in the manner authorized by the laws of the United States or of this state, and a prayer that the judgment be registered. The clerk of the registering court shall notify the clerk of the court which rendered the original judgment that application for registration has been made, and shall request him to file this information with the judgment.

Section 511.760.3 RSMo.

Except as provided in section 511.780, a foreign country judgment meeting the requirements of section 511.775 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign country judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit.

Section 511.778 RSMo.

In tandem, these sections require a certified and authenticated copy of any writing purporting to be a judgment before a Missouri Court can make the inquiries

compelled by Title 28 §§ 4101–4105 and § 511.780 RSMo.

This record does not contain a certified and authenticated copy of the Canadian "judgment" by the Canadian court and thus fails to comply with the full faith and credit clause of the U.S. Constitution. Art. IV § 1, U.S. Constitution. There is simply not enough here to show that this "judgment" is entitled to full faith and credit in a Missouri court. As such, the Circuit Court should not have proceeded to hearing, judgment and execution.

It is in the first instance the duty of a Circuit Court to make the factual determinations required by Title 28 § 4102, and § 511.780 and § 511.783 RSMo, and not this Court. These sections of our statutes state:

1. A foreign country judgment is not conclusive if:

(1) The judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law;

(2) The foreign court did not have personal jurisdiction over the defendant; or

(3) The foreign court did not have jurisdiction over the subject matter.

2. A foreign country judgment need not be recognized if:

(1) The defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend;

(2) The judgment was obtained by fraud;

(3) The claim for relief on which the judgment is based is repugnant to the public policy of this state;

(4) The judgment conflicts with another final and conclusive judgment;

(5) The proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court; or

(6) In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action.

Section 511.780 RSMo.

1. The foreign country judgment shall not be refused recognition for lack of personal jurisdiction if:

(1) The defendant was served personally in the foreign country;

(2) The defendant voluntarily appeared in the proceedings, other than for the purpose of protecting property seized or threatened with seizure in the proceedings or of contesting the jurisdiction of the court over him;

(3) The defendant prior to the commencement of the proceedings had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved;

(4) The defendant was domiciled in the foreign country when the proceedings were instituted, or, being a body corporate had its principal place of business, was incorporated, or had otherwise acquired corporate status, in the foreign country;

(5) The defendant had a business office in the foreign country and the proceedings in the foreign court involved a claim for relief arising out of business done by the defendant through that office in the foreign country; or

(6) The defendant operated a motor vehicle or airplane in the foreign country and the proceedings involved a claim for relief arising out of such operation.

2. The courts of this state may recognize other bases of jurisdiction consistent with fairness and substantial justice in the context of international commerce or relations.

Section 511.783 RSMo.

We do note that Ms. Sanchez—who sought registration below—had no burden of proof placed on her before the Circuit Court in contravention of Title 28 § 4102. Likewise the application of § 511.780 RSMo was not considered.

To the extent that a certified and authenticated Canadian judgment is filed and registration sought, the Circuit Court shall impose the procedures as set out above.

In sum, this case is reversed and remanded to the Circuit Court and the Circuit Court is ordered to set aside the registration granted and quash the execution issued.

ROY L. RICHTER, C.J., and KELLY BRONIEC, SP. J., concur.