1222-15

NO. PD-1222-15

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

ORIGINAL

ANTONIO PEREZ LOPEZ

Petitioner

V.

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

Petition in Cause No. D-DC-13-904067, from the
390th District Court of Travis County, Texas
and the Court of Appeals for the Third
District of Texas, Case No. 03-14-00452-CR.

**PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

Antonio Perez Lopez #1942352

C.T. Terrell Unit

1300 FM 655

Rosharon, TX 77583

Petitioner Pro Se

TABLE OF CONTENTS

|                                        | Pages |
| -------------------------------------- | ----- |
| Index of Authorities                   | III   |
| Statement Regarding Oral Argument      | 1     |
| Statement of the Case                  | 1-2   |
| Statement of Procedural History        | 2     |
| Grounds for Review                     | 2     |

WHETHER THE COURT OF APPEALS ERRED WHEN IT FOUND
THAT THERE WERE NO ARGUABLE GROUNDS TO BE ADVANCED
UNDER ANDERS V. CALIFORNIA, WHEN THE COURT APPLIED
STANDARD OF REVIEW FOR REVERSIBLE ERROR ?

[Do ineffective assistance of counsel claims,
regarding 6th Amendment Confrontation Clause
issue, raised and preserved in a pro se response
to an Anders Brief — which would otherwise be
waived or forfeited for habeas corpus review,
constitute "arguable grounds to be advanced
under Anders v. California, 384 U.S. 738 (1967);
Bledsoe v. St., 178 S.W.3d 824 (Tex.Crim.App.2005)"?]

| Argument           | 2-6 |
| Prayer for Relief  | 6   |
| Appendix           |     |

II.

# INDEX OF AUTHORITIES

Page

Anders v. California, 386 U.S. 738 (1967) .   .   .    2

Armstrong v. State, 340 S.W.3d 315 (Tex. 2009) .   .   .   4,5

Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.2005) .   3

Crawford v. Washington, 541 U.S. 36 (2004)   .   .   .   4

Evitts v. Lucey, 469 U.S. 387 (1985)   .   .   .   2

Griffin v. State, 614 S.W.2d 155 (Tex.Crim.App.1981)   .   5

Jackson v. Virginia, 433 U.S. 307 (1979)   .   .   .   3,5,6

Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App.2010)   .   5

Melendez-Diaz v. Massachussetts, 129 S.Ct. 2527 (2009) .   4

Moff v. State, 131 S.W.3d 485 (Tex.Crim.App.2004)   .   .   3,5,6

Strickland v. Washington, 466 U.S. 668 (1984)   .   .   . 2

Thames v. State, 753 S.W.2d 688 (Tex.Crim.App.1998)   .   6

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

ANTONIO PEREZ LOPEZ

Petitioner

V.

THE STATE OF TEXAS

Petition in Cause No. D-DC-13-904067, from the
390th District Court of Travis County, Texas
and the Court of Appeals for the Third
District of Texas, Case No. 03-14-00452-CR.

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE
COURT OF CRIMINAL APPEALS OF TEXAS:

Antonio Perez Lopez, petitions the court to review the judgement affirming his conviction for aggravated sexual assault of a child.

### Statement Regarding Oral Argument

Present circumstances considered, Petitioner waives oral argument.

### Statement of the Case

Petitioner was found guilty, by jury, and convicted of one count of aggravated sexual assault of a child, indecency with a child by contact and indecency by exposure, and acquited Petitioner of indecency with a child by contact (1-count) and aggravated sexual assault (2-counts). [5 R.R.: 67-73]. The jury assessed punishment at 20-years in the Texas Department of Criminal Justice - Institutional Division on the aggravated sexual assault and 20-years on the indecency with contact counts, and 10-years on the indecency by exposure

1.

count. [CR: 78-81].

The trial court further ordered indigent Petitioner to pay court costs without a finding on Petitioner's indigency status or an objection from trial counsel. [S.R.: 28-48]. Petitioner filed timely notice of appeal. [C.R.: 83].

## Statement of Procedural History

The Third Court of Appeals rendered its decision affirming Petitioner's conviction on Aug. 12, 2015. A motion for rehearing was filed by Petitioner and was denied on _SEPT. 10th_ , 2015. Petitioner then timely submitted a motion for extension of time to file petition for discretionary review. The Court granted the motion making the petition (PDR) due by Dec. 11, 2015.

## Claim For Review

WHETHER THE COURT OF APPEALS ERRED WHEN IT FOUND THAT THERE WERE NO ARGUABLE GROUNDS TO BE ADVANCED UNDER ANDERS V. CALIFORNIA, WHEN THE COURT APPLIED STANDARD OF REVIEW FOR REVERSIBLE ERROR ?

**[Do ineffective assistance of counsel claims, regarding 6th Amendment Confrontation Clause Issue, raised and preserved in a pro se response to an Anders Brief – which would otherwise be waived or forfeited for habeas corpus review, constitute "arguable grounds to be advanced under Anders v. California, 384 U.S. 738 (1967); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.2005)"?]**

## Argument

Persons convicted of a crime are entitled to effective assistance of counsel in their first appeal of right. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 834 835 (1985). Counsel's performance on appeal is judged under the 2 - prong Strickland test. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064 (1984).

In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), the Court

determined that appointed counsel could file brief supporting his motion to withdraw, by showing his professional evaluation of the record demonstrating where there are no reasonable grounds to be advanced on appeal.

The court's ruling in an Ander's appeal, which includes a pro se response by Appellant, is limited to determining whether arguable grounds for appeal exist. Bledsoe v. State, 178 S.W.3d 824, 826-828 (Tex.Crim.App.2005)-(stating: if a court of appeals were to review case and issue an opinion which addressed and rejected the merits raised in a pro se response to an Ander's brief, then appellant would be deprived of the meaningfull assistance of counsel).

## Opinion of the Court of Appeals

Petitioner contends that the Court of Appeal's application of reversible error standard is unreasonable and contrary to the standard set forth in Anders v. California; Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.2005), in light of the circumstances in this case. Here, court appointed attorney's Ander's Brief failed to raise and exhaust all available State remedies to avoid procedural bar from bringing issue on State/Federal habeas corpus review/petition.

To be specific, counsel's Anders Brief failed to raise ineffective assistance of counsel claims, which were raised in Petitioner's pro se response. The Opinion of the Court of appeals reflects that Petitioner can pursue ineffective assistance of counsel claims in a petition for writ of habeas corpus. Petitioner asks the Court of Criminal Appeals, does the court of appeals remedy - [preservation of I.A.C. claim for habeas corpus review] - constitute an arguable ground to be advance on appeal under Anders v. California; Bledsoe v. State ?

In addition, Petitioner asks the court whether Confrontation Clause issue raised in pro se response, implicate a sufficiency of evidence review under Jackson v. Virginia, 433 U.S. 307, 318-319, 99 S.Ct. 2781 (1979); Moff v. State, 131 S.W.3d 485, 488 (Tex.Crim.App.2004) ?

Summary of Ineffective Assistance of Counsel
Grounds Raised in Pro Se Response

* - Whether trial counsel was ineffective when he failed to assert
a Sixth Amendment Confrontation Clause objection to the admis-
sion of questionable hospital business records entered by the
prosecution as State's exhibits at trial, where doctors, nurses
and lab technicians who prepared business records, were not
called to testify and authenticate their documents and evidence.

The United States Supreme Court has held that out of court testimonial

evidence violates the Confrontation Clause unless the declarant is unavailable

to testify and the defendant has a prior opportunity to cross-examine him.

Crawford v. Washington, 541 U.S. 36, 63, 124 S.Ct. 1374 (2004). It is clear

that such out-of-court testimonial evidence includes reports of the kind at

issue here and offered into evidence via circumstances like those here. see

Melendez-Diaz v. Massachussetts, 129 S.Ct. 2527, 2532 (2009).

Petitioner complained of his trial counsel;s failure to object to the ad-

mission of Hospital's and Lab's business records, which allowed inadmissable

and highly prejudicial evidence to be put before the jury. The business re-

cords were inadmissable given the person's through which the prosecution

authenticated, proffered and filed them into the trial record.

Petitioner would argue that claims of ineffective assistance of counsel

in pro se response brief are adequately supported by references to the record

and authorities, pursuant to Texas Rules of Appellate Procedure. (Pro Se Brief).

* - whether trial counsel was ineffective for failing
to object to trial court order for the withdrawal of funds for
payment of court costs, because there was insufficient evidence
to support finding that Appellant was not indigent at sentencing.

The assessment of court costs and attorney fees is a criminal proceeding;

the manner in which those costs are withdrawn is a civil proceeding. Armstrong

v. State, 340 S.W.3d 315, 319, 321 (Tex.2009). To contest the assessment of

court costs and attorney fees, **complaint must be made by direct appeal of the criminal judgement.** Armstrong, 340 S.W.3d at 766-767. In Mayer v. State, 309 S.W.3d 552, 554 (Tex.Crim.App.2010)-(no trial objection was required to preserve a claim of insufficient evidence.)

In this instance, assessment of court costs and order for withdrawal of funds was not objected to by trial counsel, where order was announced at sentencing phase of trial. Petitioner contends that trial counsel simply failed to challenge the sufficiency of the evidence regarding order for withdrawal of funds for payment of court costs. Without evidence to demonstrate Petitioner's financial resources to offsett the court costs, the evidence is insufficient to support a finding of Petitioner's ability to pay.

Again, Petitioner argues that claim is supported by references to the record and authorities pursuant to Texas Rules of Appellate Procedure. (see Pro Se Brief).

## Summary of Sufficiency of Evidence
## Ground Raised in Pro Se Response

   * - Whether the evidence is legally sufficient to sustain the conviction in this case ?

If a defendant challenges legal sufficiency of the evidence to support his conviction on direct appeal, the appellate court allways has a duty to address that issue, regardless of whether it was raised in the trial court. Moff v. State, 131 S.W.3d 485, 488 (Tex.Crim.App.2004). The "Moff" court further acknowledged prior to decisions where the Texas Court of Criminal Appeals adopted the Jackson v. Virginia, 443 U.S. 307, 318-319, 99 S.Ct. 2781 (1979), constitutional standard of review for assessing the legal sufficiency of the evidence. Moff, 131 S.W.3d at 488,(supra)-(citing Griffin v. State, 614 S.W.2d 155, 158 (Tex.Crim.App.1981). Under that standard, the relevant question is

5.

whether after reviewing the evidence in the light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (Jackson v. Virginia). In applying the Jackson sufficiency review, an appellate court "must consider all evidence which the jury was permitted, whether rightly or wrongly considered. Moff v. State, 131 S.W.3d at 488. (citing Thames v. State, 753 S.W.2d 688, 695 (Tex. Crim.App.1998).

Petitioner contends that the court of appeals erred in failing to find his pro se grounds in Anders brief, worthy of a sufficiency of evidence review, in light of the evidence cited regarding essential elements of the crime.

Prayer

Petitioner prays the Court finds that the Court of Appeals erred when it affirmed judgement of conviction.

Respectfully submitted,

*Antonio P Lopez*

Antonio P. Lopez #1942352
C.T. Terrell Unit
1300 FM 655
Rosharon, TX 77583

Appendix

Opinion of the First Court of Appeals affirming conviction is attached.

Certificate of Service

This is to certify that a copy of the above-entitled an numbered petition for review has been served on State's Prosecuting Attorney, P.O. Box 13046 Capitol Station, Austin, Texas 78711, via first-class U.S. Mail, on this the 28th day of OCTOBER, 2015.

*Antonio P Lopez*

6.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00452-CR

Antonio Perez Lopez, Appellant

v.

The State of Texas, Appellee

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. D-1-DC-13-904067, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

Appellant Antonio Perez Lopez was charged with three counts of aggravated sexual assault of a child, three counts of indecency with a child by contact, and two counts of indecency with a child by exposure. A jury found Lopez guilty of one count of aggravated sexual assault of a child, two counts of indecency with a child by contact, and one count of indecency with a child by exposure. *See* Tex. Penal Code §§ 22.021, 21.11. The jury acquitted Lopez on all other charges. The jury assessed Lopez's punishment at 20 years' confinement in the Texas Department of Criminal Justice-Institutional Division on the counts for aggravated sexual assault of a child and indecency with a child by contact and at 10 years on the indecency with a child by exposure count.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967);

*Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 86–87 (1988).

Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. Appellant requested and received the appellate record and filed a pro se brief, raising four issues on appeal.

We have conducted an independent review of the record, including appellate counsel's brief and appellant's pro se brief, and find no reversible error.[1] *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous.

Counsel's motion to withdraw is granted. The judgment of conviction is affirmed.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: August 12, 2015

Do Not Publish

_____

[1] Appellant has raised claims of ineffective assistance of counsel in his pro se brief which, if appellant wishes to pursue those claims, should be raised in a petition for writ of habeas corpus in the Court of Criminal Appeals because the record before this Court does not support those claims.