

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FOUR**

KAMESH KUMAR RAMALINGAM, )   No. ED108062
)
    Appellant, )   Appeal from the Circuit Court
)   of Saint Charles County
v. )   1911-FC00525
)
VIDYARTHINI KUMARESAN, )   Honorable John P. Banas
)
    Respondent. )   FILED:  June 09, 2020

## Opinion

Kamesh Kumar Ramalingam ("Husband") appeals from the judgment and dismissal of his petition for dissolution of marriage.  On appeal, he asserts the trial court erred in dismissing his petition for dissolution of marriage because the trial court should not have found an injunction from India to be dispositive and the injunction was not properly registered as a foreign judgment. We reverse and remand for further proceedings in accordance with this opinion.

## Background

Husband and Vidyarthini Kumaresan ("Wife") married in India in 2005 and have been separated since 2007.  Wife resides in India.  Husband resides in Saint Charles County, Missouri.  There is one minor child born of the marriage.  The child was born in India and has never been to the State of Missouri.

1

Husband filed a petition for dissolution of marriage in the Circuit Court of St. Charles, Missouri on April 3, 2019. He effected personal service upon Wife in India, but Wife did not answer Husband's petition for dissolution, and the matter was set for a default hearing on June 21, 2019. On June 19, 2019, Wife's counsel filed correspondence with the trial court. Wife was represented by A.S. Kailasam & Associates, a law firm in Chennai, India. The foreign law firm informed the trial court that the High Court of Chennai, India had granted an interim injunction ("foreign order") until July 28, 2019, restraining Husband from proceeding with his petition for dissolution before the circuit court in Missouri. Counsel for Wife attached a copy of the injunction order. Subsequently, the trial court dismissed Husband's petition for dissolution without prejudice, citing to the foreign order restraining Husband from proceeding with the dissolution. This appeal follows.

Discussion

In his sole point on appeal, Husband argues the trial court erred in dismissing without prejudice his petition for dissolution of marriage because the High Court of Chinnai's foreign order was not properly registered as a foreign judgment, and the foreign order granting an interim injunction was not entitled to full faith and credit by the trial court. We agree.

Whether to register a foreign judgment and the propriety of the foreign judgment are legal conclusions that we review de novo. *Peoples Bank v. Frazee*, 318 S.W.3d 121, 127 (Mo. banc 2010); *Office Supply Store.com v. Kansas City School Bd.*, 334 S.W.3d 574, 576-77 (Mo. App. W.D. 2011).

Under Section 511.760, a foreign judgment is a decree or order of a court of the United States or of any state or territory that is entitled to full faith and credit in this state. Section

511.760.1(1).[1]  Any person may bring a timely action to register a foreign judgment before any court of this State having jurisdiction over such action.  Section 511.760.2.  The petition for registration must set forth an authenticated copy of the foreign judgment to be registered, the date of its entry, and an authenticated record of any subsequent entries affecting the judgment.  Section 511.760.3.  Not only must the foreign judgment be properly registered, but it must be entitled to full faith and credit in Missouri.  Section 511.760.1(1).  To be entitled to full faith and credit, the record must include a "certified and authenticated copy of any writing purporting to be a judgment."  *Pontigon v. Lord*, 340 S.W.3d 315, 318 (Mo. App. E.D. 2011).  Similarly, to be entitled to full faith and credit, the court that issued the foreign judgment must have had subject matter jurisdiction, the defendant must have had notice of the pending action, and the judgment must not be the result of fraud.  *Blanchette v. Blanchette*, 476 S.W.3d 273, 281 (Mo. banc 2015).  Last, only final judgments are entitled to full faith and credit.  *Estate of Angevine v. Evig*, 675 S.W.2d 441, 443 (Mo. App. E.D. 1984).

Here, the foreign order from India was neither properly registered in Missouri courts, nor was it entitled to full faith and credit in this State.  The record here does not appear to include a certified and authenticated copy of the purported foreign "judgment," and Wife did not provide any subsequent entries that affected the interim injunction order.  Thus, it does not meet the requirements of Section 511.760 to register a foreign judgment in Missouri.  *See* Section 511.760.3; *see also Pontigon*, 340 S.W.3d at 318.  The trial court erred to the extent it treated the foreign order as a properly registered foreign judgment in dismissing Husband's petition for dissolution.

---

[1] All statutory references are to RSMo. (cum supp. 2019), unless otherwise indicated.

3

Regardless, even if Wife had filed a proper application to register a foreign judgment, the foreign order here was not entitled to full faith and credit under Missouri law. The foreign order at issue here was an interim injunction that expired on July 29, 2019. A temporary injunction is not a final judgment. *See Pointer v. Washington*, 185 S.W.3d 801, 803 (Mo. App. E.D. 2006) (no final judgment until permanent injunction is granted on the merits). Judgments that are not final are not entitled to full faith and credit. *See Estate of Angevine*, 675 S.W.2d at 443. Further, where the record does not adequately show the defendant in the foreign judgment received due process, such as notice and the opportunity to be heard, then the resulting judgment cannot be registered in Missouri. *See Adamson v. Harris*, 726 S.W.2d 475, 478 (Mo. App. W.D. 1993). Here, there is no indication in the record that Husband was served with notice of Wife's petition for injunction or given the opportunity to respond in India. Without evidence in the record that Husband was afforded in India the measures of due process required in this jurisdiction, the foreign order here was not entitled to full faith and credit in Missouri, and the trial court erred in relying on this interim injunction order in dismissing Husband's petition for dissolution.

Lastly, on remand, the trial court here has the authority under Missouri law to dissolve the marriage and divide certain property. Husband concedes that Missouri courts do not have personal jurisdiction over Wife, a resident of India, and thus the trial court here may not adjudicate a personal liability against Wife, such as maintenance, child support, her property, or attorney's fees. *See Ferrari v. Ferrari*, 585 S.W.2d 546, 547 (Mo. App. E.D. 1979). However, when a proceeding affects only the status of the marriage itself, the trial court has jurisdiction over the status and may dissolve the marriage upon proper notice. *Id.* ("[i]nsofar as such a proceeding affects status only, the action is in rem or quasi-in-rem and requires only that the res be before the court upon proper notice."); *Washington v. Washington*, 486 S.W.2d 668, 670 (Mo.

4

App. 1972) (reversing dismissal of petition for dissolution against nonresident spouse because trial court had authority to adjudicate status of marriage in in rem proceeding); *see also In re Marriage of Berry*, 155 S.W.3d 838, 842 (Mo. App. S.D. 2005).

Likewise, Missouri courts have the authority to adjudicate marital and nonmarital property within its territory, even in the event of an absent spouse. Section 452.330 ("[i]n a proceeding for disposition of property following dissolution … by a court which lacked personal jurisdiction over the absent spouse, … the court shall set aside to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just"); *see also Chenoweth v. Chenoweth*, 575 S.W.2d 871, 873 (Mo. App. 1978) ("personal jurisdiction over an absent spouse is not necessary to confer jurisdiction for the purpose of dividing marital property"). Thus, the trial court here erred in dismissing Husband's petition for dissolution of marriage and for the just division of marital and nonmarital property.

Point I is granted.

Conclusion

The judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

_____
Robin Ransom, Judge

James M. Dowd, P.J., and Gary M. Gaertner, Jr., J., concur.

5