John L. FERRARI, Plaintiff-Respondent,

v.

Suzanne A. FERRARI,
Respondent-Appellant.

No. 40912.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 31, 1979.

B. C. Drumm, Jr., St. Louis, for respondent-appellant.

Jerome T. Bollato, Bartley, Goffstein, Bollato & Lange, Clayton, for plaintiff-respondent.

CRIST, Judge.

This action for dissolution of a marriage raises the issue whether Missouri courts have jurisdiction over a non-resident spouse.

The husband and wife were married in New York and last cohabited in Illinois. The couple separated while in Illinois. The wife and the two minor children of the marriage moved to New York and established residency. The husband moved to Missouri and established residency. The wife has never been a Missouri resident nor has the couple owned property in Missouri.

Under the auspice of Rule 54, the husband's Missouri dissolution proceeding was instituted by the ostensible personal service upon the wife in New York on the same day the wife's New York dissolution proceeding was instituted by service upon husband in Missouri. The wife attacked the jurisdiction of the Missouri court by motion based upon her non-residency. Her motion was overruled. She then filed an answer which again attacked jurisdiction but admitted the marriage. The wife then requested a stay of proceedings based upon the claimed lack of jurisdiction and pendency of New York proceedings, but the trial court overruled the motion.

After a hearing at which the wife maintained her defense of lack of jurisdiction, the Missouri trial court not only dissolved the marriage but made further orders pertaining to the support, custody, and visitation of the parties' minor children; ordered that no marital or separate property remained to be apportioned; that neither party was entitled to maintenance; and that the husband was to pay the costs of the proceedings.

■ The authority of the Missouri trial court to dissolve the marriage has not been questioned upon appeal. The wife only challenges the Missouri court's jurisdiction to render a decree pertaining to maintenance, custody, child support, and division of property based upon the lack of in personam jurisdiction. The husband counters that the wife's answer admitted the marriage was irretrievably broken and that she thereby submitted herself to the personal jurisdiction of the Missouri court. Not so. The wife attacked the jurisdiction of the Missouri court at all reasonable opportunities. Her admission concerned only the res which was before the court, the marital relationship itself.

■ An action for dissolution of marriage involves an amalgam of contractual right and status. Insofar as the proceeding affects certain contractual aspects of the marriage (such as maintenance) the action is in personam and requires personal service or presence of the other spouse for valid judgment. Insofar as such a proceeding affects status only, the action is in rem or quasi-in-rem and requires only that the res be before the court upon proper notice. The tribunal must have jurisdiction over the person of the defendant to adjudicate a personal liability against him and must have jurisdiction over the thing, be it status or specific property, to affect the interest of defendant in that thing. *In re Marriage of Breen,* 560 S.W.2d 358, 361 (Mo.App.1977).

The facts in the instant case do not present any of the factors enumerated in Rule 54.06(a) or (b) which would afford personal jurisdiction over the wife; and, therefore, the Missouri court had not obtained personal jurisdiction over the non-resident wife by purported service under Rule 54.06. The trial court lacked jurisdiction to enter orders pertaining to maintenance, child support, and custody. *Gaffney v. Gaffney*, 528 S.W.2d 738 (Mo. banc 1975). The trial court also lacked jurisdiction to enter orders pertaining to division of property. *Chenoweth v. Chenoweth*, 575 S.W.2d 871 (Mo.App.1978). However, the court did have jurisdiction over the status of the marriage. *In re Marriage of Breen, supra; Washington v. Washington*, 486 S.W.2d 668, 669–70 (Mo.App.1972).

That portion of the decree dissolving the marriage and taxing the costs against the husband is affirmed. In all other respects the decree is reversed.

REINHARD, P. J., and GUNN, J., concur.