**In re the MARRIAGE OF Richard Darwin BERRY and Maureen Smith Berry.**

**Richard Darwin Berry, Petitioner–Respondent,**

**and**

**Maureen Smith Berry, Respondent–Appellant.**

**No. 26130.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 16, 2005.

Devon F. Sherwood, Springfield, MO, for appellant.

Dennis P. Wilson, Parsons & Wilson, P.C., Dexter, MO, for respondent.

JAMES K. PREWITT, Judge.

Richard Darwin Berry ("Husband") and Maureen Smith Berry ("Wife") were married on May 29, 2000, in Warren County, New York. There were no children born to the marriage. On February 3, 2003, Husband petitioned for dissolution of marriage in Stoddard County, Missouri. Wife was personally served with process on February 14, 2003, in West Point, New York. Wife contested the Missouri court's jurisdiction.

At the time of trial, Husband was stationed at West Point, New York, and Wife lived in the Albany, New York area. Following a hearing at which both parties were present and represented, the trial court entered its judgment and decree of dissolution on January 26, 2004, finding that it had both personal and subject matter jurisdiction. The circuit court ordered that the marriage be dissolved, awarded wife attorney's fees plus reimbursement for travel expenses, divided marital property, allocated marital debts, and denied Wife's request for maintenance. Wife appeals.

In his petition for dissolution, Husband alleged that he was a resident of Stoddard County, Missouri, serving in the United States Army on active duty and stationed at West Point, New York. Husband conceded that Wife was a resident of the State of New York. Husband at that time requested only that the marriage "be dissolved, and for such other and further relief as to the Court may seem just and proper."

Wife filed a *pro se* "Answer and Response," in which she objected to jurisdiction. Therein, Wife stated that she did not consent to service and rejected "any previously and illegally served papers." She requested "to have the complaint dismissed."

On April 16, 2003, Husband filed a "First Amended Petition for Dissolution of Marriage," in which he amended his original petition by adding a request for division of marital property and debts.

Wife obtained counsel and filed her "Answer to First Amended Petition for Dissolution of Marriage" and "Counter Petition for Dissolution of Marriage" on May 23, 2003.

Preliminary to a hearing held June 23, 2003, Wife's counsel requested that the trial court dismiss the action for "lack of jurisdiction by the Court[,]" contending that neither party was a resident of Missouri. The trial court denied Wife's motion and proceeded to hear the cause.

A "Judgment and Decree of Dissolution of Marriage" was filed January 26, 2004, in which the trial court found that it had "personal jurisdiction over the parties and subject matter jurisdiction in this case[.]" The trial court apportioned the marital debt, divided the marital property, awarded Wife $500.00 for attorney fees, and ordered Husband to pay Wife's medical insurance premiums and travel expenses.

Wife's request for maintenance was denied upon the trial court's finding that Wife "has sufficient property and income to provide for her reasonable needs." The trial court made the order denying maintenance "not modifiable."

In her appeal, Wife presents two points relied on. Point I challenges the trial court's judgment denying maintenance to Wife on the basis that the trial court did not have either personal jurisdiction or subject matter jurisdiction. In her second point, Wife contends that the trial court's denial of maintenance was error in that "the evidence demonstrated that [Wife] was disabled from employment and lacked sufficient income and assets to provide for her reasonable needs[.]" We find Point I to be dispositive and need not address Wife's second point.

In Missouri, to obtain personal jurisdiction over a non-resident defendant, "the plaintiff must make a prima facie showing that 1) the cause of action arose out of an activity covered by Missouri's long-arm statute, . . . and 2) the defendant had sufficient minimum contacts with Missouri to satisfy the requirements of due process." *Wray v. Wray*, 73 S.W.3d 646, 649 (Mo.App.2002).

"An action for dissolution of marriage involves an amalgam of contractual right and status." *Ferrari v. Ferrari*, 585 S.W.2d 546, 547 (Mo.App.1979). "Insofar as the proceeding affects certain contractual aspects of the marriage (such as maintenance) the action is *in personam* and requires personal service or presence of the other spouse for valid judgment." *Id.* "Insofar as such a proceeding affects status only, the action is *in rem* or *quasi-in-rem* and requires only that the *res* be before the court upon proper notice." *Id.* "The tribunal must have jurisdiction over the person of the defendant to adjudicate a

personal liability against him and must have jurisdiction over the thing, be it status or specific property, to affect the interest of defendant in that thing." *Id.*

■ "[L]ack of personal jurisdiction forestalls consideration of orders pertaining to maintenance ... and attorney's fees." *Thompson v. Thompson,* 657 S.W.2d 629, 631 (Mo.banc 1983). "This is not to say that a court in a proper case is precluded from acquiring jurisdiction over the status of the marriage." *Id.*

■ Husband contends that Wife's failure to assert the defense of lack of jurisdiction "either by motion or in her answer ... constitutes a waiver of such defenses." " 'Rule 55.27(g)(1)(B) provides that the defense of lack of personal jurisdiction, among other things, is waived ... if it is neither made by motion under this Rule [55.27] nor included in a responsive pleading.' " *Crouch v. Crouch,* 641 S.W.2d 86, 90 (Mo.banc 1982). "Due process requires that, in the absence of minimum contacts to support personal jurisdiction, the rule effect a waiver of the jurisdictional defense only if the defendant has already appeared before the court and has neither timely raised nor otherwise waived jurisdiction." *Id.*

Wife raised the issue of jurisdiction in her original *pro se* "Answer and Response," in which she stated "[t]hat I am unfamiliar with the residency requirements for this Court, however, object to jurisdiction." Wife alleged that the parties were married in the State of New York, that both live in the State of New York, and that Wife never lived in Missouri. Wife also stated that she rejected service and asked the court to find that service was improper.

■ In her subsequent "Answer to First Amended Petition for Dissolution of Marriage," Wife denied that Husband's residence was Stoddard County, Missouri, "and further denie[d] that his legal residence is ... Bernie, Missouri, for at least 90 days immediately preceding the filing of his petition." In her "Counter Petition for Dissolution of Marriage" which was filed as part of Wife's Answer, Wife contends that both parties are residents of New York and that "[n]either party is a resident of the State of Missouri, and therefore, the State of Missouri is without jurisdiction to hear this cause." Wife further contended that all marital property and marital debts were outside of the State of Missouri. Wife requested that the court dismiss for lack of jurisdiction, "or in the alternative, to dissolve the marriage; to make an equitable division of the marital property and assignment of the marital debts; to order [Husband] to pay [Wife] a reasonable sum for [Wife's] maintenance; [and] to order [Husband] to pay [Wife's] attorney fees and costs herein incurred[.]" Wife correctly contends that once raised, an objection to personal jurisdiction is preserved through the trial. *Wray,* 73 S.W.3d at 649. Based on the above facts, we conclude that Wife preserved the jurisdictional question she now raises.

To support a general judgment *in personam* against an absent spouse, Rule 54.06(b) requires, among other things, that the petitioner continue to live in this state. Husband has satisfied this prong, in that he testified that he never abandoned his Missouri domicile although he was actively serving in the military and stationed outside of Missouri at the time of his marriage to Wife. *See Edwards v. Edwards,* 709 S.W.2d 165, 168 (Mo.App.1986). Husband entered the military in May of 1989, separated from the military in March of 1996 and relocated to Clifton Park, New York to reside. In November of 1999, Husband returned to Missouri and coached high school basketball in Caruthersville. In the early spring of 2000, Husband was issued a Missouri driver's li-

cense. Husband reactivated his military service in April of 2000, at which time he was stationed in New York. Husband testified that he was a registered voter in Stoddard County, had filed state income tax returns regularly in the State of Missouri, and had always considered himself a resident of Missouri.

However, Rule 54.06(b) also "mandates compliance with the minimum contacts test by requiring that one whom the state would subject to an *in personam* judgment for maintenance, support, attorney's fees, suit money, or disposition of marital property must have 'lived in lawful marriage within this state.' " *Crouch*, 641 S.W.2d at 89. *See also* § 506.500.2, RSMo. Here, neither party testified that such had been the case, and the record supports Wife's contention that the couple never resided in Missouri during their marriage, nor did she have sufficient minimum contacts to satisfy due process requirements.

██ A personal judgment entered against a party by a court lacking personal jurisdiction over that party is void. *Maul v. Maul*, 103 S.W.3d 819, 820 (Mo.App. 2003). Here, the trial court lacked jurisdiction to enter orders pertaining to maintenance, attorney fees and division of property, but the trial court had jurisdiction over the status of the marriage and could dissolve it. *Ferrari*, 585 S.W.2d at 548. *See also Thompson*, 657 S.W.2d at 631.

That portion of the decree dissolving the marriage is affirmed. In all other respects, the judgment is reversed and the cause remanded with instructions to the trial court to vacate all other provisions in the judgment.

GARRISON, P.J., and RAHMEYER, J., concur.