**HOME SERVICE OIL COMPANY,**
**Plaintiff–Respondent,**

v.

Norma **CECIL**, Defendant–Appellant.

No. SD 34472

Missouri Court of Appeals, Southern District, **Division One.**

Filed: March 23, 2017

ATTORNEY FOR APPELLANT—
DONALD R. RHODES, Bloomfield, MO

ATTORNEY FOR RESPONDENT—
CHRISTOPHER L. YARBRO, Poplar
Bluff, MO

MARY W. SHEFFIELD, C.J.

Norma Cecil ("Defendant") appeals from the trial court's summary judgment in favor of Home Service Oil Co. ("Plaintiff") on the basis that Defendant was judicially estopped from denying Plaintiff's claims because Defendant did not dispute Plaintiff's claim in a previous bankruptcy proceeding. Applying a *de novo* standard of review, *see **ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993), we reverse the trial court's judgment because Plaintiff did not meet its burden under Rule 74.04.[1] Specifically, Plaintiff's statement of uncontroverted material facts did not demonstrate that there was no dispute about each of the facts supporting each element of the claims upon which Plaintiff would have had the burden of proof at trial.

## Procedural Background

■ The following information is drawn from Plaintiff's statement of uncontroverted material facts as supplemented by the docket sheets and pleadings in this case, viewed in the light most favorable to Defendant.[2] *See **ITT***, 854 S.W.2d at 376. At

---

1. All rule references are to Missouri Court Rules (2016).

2. We use Plaintiff's statement of uncontroverted material facts because each paragraph in that statement was either admitted outright or deemed admitted by Defendant's failure to comply with Rule 74.04. Rule 74.04 requires the party seeking summary judgment to attach a statement of uncontroverted material facts to the motion for summary judgment. Rule 74.04(c)(1). Then, the party responding to a moving party's statement of uncontroverted material facts must "set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." Rule 74.04(c)(2). Furthermore, "[a] denial may not rest upon the mere allegations or denials of the party's pleading[,]" and "the

some time prior to the litigation in this case, Defendant executed a credit agreement with Plaintiff under which Plaintiff agreed to provide fuel products to Defendant for resale at Defendant's convenience store. In August 2014, Plaintiff sued Defendant, alleging claims of action on account and unjust enrichment in order to recover $32,359.31 due under the agreement, plus interest and attorneys' fees.

In October 2014, Defendant filed a Chapter 7 bankruptcy petition requesting discharge of multiple debts including the one Plaintiff alleged was owed. Defendant's bankruptcy discharge was denied.

In February 2016, Plaintiff filed a motion for summary judgment in the present action, arguing Defendant was "judicially estopped from denying the claim which she admitted was undisputed and valid in other judicial proceedings." The trial court granted that motion. This appeal followed.

## Discussion

Defendant raises three points on appeal. Each of these points discusses one of the three factors courts use to evaluate claims of judicial estoppel. However, judicial estoppel does not control the outcome of this appeal. Rather, the trial court's judgment must be reversed because Plaintiff did not meet its burden under Rule 74.04 for summary judgment.

■ Appellate review of a summary judgment "is essentially *de novo.*" *ITT*, 854 S.W.2d at 376. That is, "[t]he criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* "As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." *Id.*

■ "The language of Rule 74.04 establishes the boundaries of Missouri's summary judgment practice." *Id.* at 380. "The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *Id.* Moreover, under the rule, "[a] 'claimant' must establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial." *Id.* at 381. Importantly, "[w]hen considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." *Id.* at 376. And, "[w]e accord the non-movant the benefit of all reasonable inferences from the record." *Id.*

■ We must also look to the elements of the claims pleaded in the petition and determine whether the facts in the statement of uncontroverted material facts meet those elements to ascertain whether Plaintiff is entitled to judgment as a matter of law. Here, Plaintiff sought relief under two theories: action on account and unjust enrichment. The elements of a successful claim for action on account are "that 1) defendant requested plaintiff to furnish merchandise or services, 2) plaintiff accepted defendant's offer by furnish-

---

response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." *Id.* "A response that does not comply with Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph." *Id.* Here, each of Defendant's responses to the paragraphs in Plaintiff's statement of uncontroverted material facts which did not admit a paragraph outright failed to contain any citation to the discovery, exhibits or affidavits. Thus, for purposes of this appeal, those paragraphs are deemed admitted.

ing such merchandise or services, and 3) the charges were reasonable." *Helmtec Indus., Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334, 335 (Mo. App. E.D. 1993). "To establish the elements of an unjust enrichment claim, the plaintiff must prove that (1) he conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. App. W.D. 2010). Plaintiff's statement of uncontroverted material facts did not show the elements of either of these claims without the need for inferences in its favor.

Here, Plaintiff's statement of uncontroverted material facts included the following "facts":

1. On August 8, 2014, Plaintiff, Home Service Oil Company (hereinafter, "HSO") filed suit against the Defendant, Norma Cecil (hereinafter, "Cecil").

2. The crux of HSO's suit was contained in paragraph five and incorporated by paragraph 11 of the Petition as follows: "5. Plaintiff extended credit unto Defendant, agreeing to provide fuel products and various other goods in exchange for Defendant's promise to remit payment for the same". [sic]

3. On September 11, 2014, Cecil filed her Answer to the Petition denying all allegations made by HSO.

4. On or about October 22, 2014, Cecil filed a Chapter 7 bankruptcy petition requesting discharge of multiple debts including that of HSO.

5. Included with Cecil's Petition for Bankruptcy where [sic] certain schedules detailing the debts of Ms. Cecil.

6. On both the original Schedule F and the Amended Schedule F, Cecil listed HSO as an unsecured creditor.

7. On both original Schedule F and the Amended Schedule F, Cecil did not dispute the debt owed to HSO.

8. Both schedules listed the debt owed by Ms. Cecil to HSO in the amount of thirty two thousand three hundred and fifty-nine dollars and thirty-one cents ($ 32,359.31).

9. The amount listed by Ms. Cecil in her Bankruptcy Petition is the precise amount requested as relief in HSO's petition.

10. Cecil declared, under penalty of perjury to the Federal Bankruptcy Court, that this indebtedness, the dollar figure and the indication that such debt was not disputed, was true and correct[.]

11. HSO filed an adversarial complaint in response to her Petition for Bankruptcy.

12. On May 4, 2015[,] Cecil was deposed.

13. Cecil confirmed by testimony that she did prepare the Schedule F and Amended Schedule F, knowingly, with diligence and that she signed the Declaration stating that the Schedule was true and correct.

14. On or about June 30, 2015, Cecil testified at hearing on the adversarial action[.]

15. During sworn testimony Cecil acknowledged the HSO debt and the amount owed to HSO.

16. Cecil also acknowledged and confirmed that she prepared her Bankruptcy Petition, including Schedule F, wherein she named HSO as an undisputed creditor in the amount of thirty two thousand three hun-

dred and fifty-nine dollars and thirty-one cents ($ 32,359.31).

17. Cecil's bankruptcy discharge was denied.

18. Cecil executed a "credit terms and credit policy" agreement with HSO.

19. Cecil agreed to pay HSO a finance charge of 1.5 % per month, or 18% per year, on all invoices not paid within 30 days.

20. Cecil agreed to pay HSO's reasonable attorney's fees and costs of collection in seeking to collect balances due on account.

21. At the time of filing this summary judgment motion, HSO has incurred $ 11,139.50 in attorney fees, and $ 1,946.80 in costs.

Paragraphs 1 through 6, 9, 11, and 17 are simply procedural facts regarding this action and the bankruptcy action. Thus, they cannot demonstrate the elements of the underlying causes of action upon which Plaintiff would have the burden of proof at trial. The remaining "facts," including the "fact" that the debt was "undisputed," are not facts but are actually ultimate conclusions that require the court to make inferences favorable to Plaintiff.

However, under the correct standard of review, we must make all inferences favorable to Defendant, as the party against whom judgment was entered. *See ITT*, 854 S.W.2d at 376. Under these circumstances, Plaintiff's motion for summary judgment and statement of uncontroverted material facts did not show there was no dispute about the facts supporting each element of the causes of action upon which Plaintiff would have had the burden of proof at trial because those documents contained only legal conclusions. Consequently, the documents did not show Plaintiff was entitled to judgment as a matter of law, and the trial court erred in entering summary judgment for Plaintiff.

## Motion for Attorney Fees

Plaintiff has also filed a motion for attorney fees on appeal. However, Plaintiff is not entitled to attorney fees on appeal because Plaintiff is not the prevailing party.

"The entitlement to attorneys' fees on appeal stands upon the same ground as that at the trial court level." *Green v. Plaza in Clayton Condominium Ass'n*, 410 S.W.3d 272, 285 (Mo. App. E.D. 2013) (quoting *Stark Liquidation Co. v. Florists' Mut. Ins. Co.*, 243 S.W.3d 385, 402 (Mo. App. E.D. 2007)). "Ordinarily, under the 'American Rule,' each litigant bears the expense of his own attorney's fees." *Monsanto Co. v. Garst Seed Co.*, 241 S.W.3d 401, 417 (Mo. App. E.D. 2007). "One exception to the American rule is where a contract states that a prevailing party is entitled to recover attorney's fees." *Id.* "To be a 'prevailing party', the party must ultimately prevail on appeal." *Id.*

Here, we must reverse the trial court's judgment. Consequently, Plaintiff was not the prevailing party on appeal and is not entitled to attorney fees. Plaintiff's motion is denied.

## Decision

The trial court's judgment is reversed. The case is remanded for further proceedings consistent with this opinion.

JEFFREY W. BATES, P.J.—CONCURS

DON E. BURRELL, J.—DUBITANTE